IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHUKS EGWUATU<br>3727 Mactavish Avenue<br>Baltimore, Maryland 21229 | * <br> * | |
| Plaintiff | * | |
| v. | * | Case No.: _____ |
| HOME DEPOT U.S.A., INC.<br>2455 Paces Ferry Road<br>Atlanta, Georgia 30339 | *<br>* | |
| **SERVE ON**: | * | |
| CSC-Lawyers Incorporating<br>7 St. Paul Street, Suite 1660<br>Baltimore, Maryland 21202 | *<br>* | |
| and | * | |
| CITIBANK, N.A.<br>399 Park Avenue<br>New York, New York 10043 | *<br>* | |
| **SERVE ON**: | * | |
| The Corporation Trust, Inc.<br>300 E. Lombard Street<br>Baltimore, Maryland 21202 | *<br>* | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff Chuks Egwuatu hereby files this Complaint against Defendants Home Depot, U.S.A., Inc. ("Home Depot") and Citibank, N.A. ("Citibank") and states as follows:

## PARTIES

1. Plaintiff is a resident of Baltimore City, Maryland with a principal residence located at 3727 Mactavish Avenue, Baltimore, Maryland 21229.

2. Defendant Home Depot is a corporation organized and existing under the laws of the state of Georgia. Home Depot is qualified to do business in the State of Maryland.

3. Defendant Citibank is a corporation organized and existing under the laws of the State of New York. Citibank is qualified to do business in the State of Maryland.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Plaintiff's Federal and State Law claims against the Defendants derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff's State law claims against the Defendants.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the action occurred and Defendants reside in Maryland.

## GENERAL ALLEGATIONS

7. In June 2004, Plaintiff purchased a large refrigerator from a Home Depot store in Maryland located in Halethorpe, Maryland (the "First Refrigerator").

8. The total cost of the First Refrigerator was $798.00 including cost of transporting it to Plaintiff's house.

9. Plaintiff paid for the First Refrigerator with a personal check in the amount of $500.00 and paid the remaining balance of $298.00 on his Home Depot Credit Card.

10. Upon information and belief, Plaintiff's Home Depot Card was issued by Defendant Citibank.

11. When the First Refrigerator was brought to Plaintiff's house, it was not the right size and was sent back to Home Depot.

12. A few hours later, Plaintiff went to the Home Depot store in Halethorpe, Maryland, to pick-up his $500.00 check and to make sure his Home Depot Card was credited.

13. At that time, Home Depot told Plaintiff that his Home Depot Card would be credited, but that his check could not be returned as it had already been cashed.

14. Home Depot further told Plaintiff, if he came back in five working days, he could get his money.

15. After five working days, Plaintiff went back to the store and was told by the manager that Home Depot had credited Plaintiff's Home Depot Credit Card account for the full amount of the First Refrigerator.

16. A few weeks later, Plaintiff tried to purchase a smaller refrigerator (the "Second Refrigerator") using his Home Depot Card, but was told "card invalid, see customer service."

17. Defendants assured Plaintiff's that they would take care of the problem with his Home Depot Card.

18. Defendants started crediting and debiting Plaintiff's account in a comedy of errors that ended with an erroneous charge being placed on Plaintiff's Home Depot Card in the amount of $798.95, the full amount of the First Refrigerator that was returned.

19. Defendants then wrongfully reported Plaintiff's Home Depot Card to all the major credit bureaus as being unpaid.

20. Defendants further forwarded his account to multiple collection agencies that made numerous collection calls to Plaintiff.

21. For over three years, Plaintiff has tried to get Defendants to properly credit his account and correct the false information they continue to furnish to credit bureaus and collection agencies.

22. Defendants have not carried out a reasonable investigation into whether Plaintiff actually purchased Second Refrigerator as evidenced by the fact that they refuse to provide any documentation to support such an allegation.

23. To-date, Defendants have refused or otherwise failed to properly credit Plaintiff's account and correct the false information they have continued to furnish credit bureaus and collection agencies.

## COUNT ONE
### (Violations of 15 U.S.C. § 1681, *et seq.*)

24. Plaintiff re-alleges and incorporate by reference paragraphs 1 through 23 as if fully set forth herein.

25. Defendants regularly and in the course of business, furnish information to one or more consumer reporting agencies about their transactions or experiences with any consumer.

26. Defendants did not notify Plaintiff at any time that the dispute was considered frivolous or irrelevant, or that Plaintiff had failed to provide sufficient information to investigate the disputed information.

27. Upon information and belief, Defendants failed to review all relevant information provided by the consumer reporting agencies, pursuant to 15 U.S.C. § 1681i (a)(2), and as required by 15 U.S.C. § 1681s-2(b)(1)(B).

28. Defendants failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(b)(1) after the Plaintiff's notice of dispute was received.

29. Defendants failed to report the results of the investigation findings to the consumer reporting agencies that the information provided by such person was incomplete or inaccurate, as required by 15 U.S.C. § 1681s-2(b)(1)(D).

30. Defendants failed to report the results of the investigation to the consumer reporting agencies, as required 15 U.S.C. § 1681s-2(b)(1)(C).

31. Defendants failure to conduct a reasonable investigation into Plaintiff's multiple requests for reinvestigations and failure to provide any evidence to support their claims that Plaintiff had purchased the Second Refrigerator is evidence of willful noncompliance on the part of Defendants.

32. As a result of Defendants' misconduct, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Award actual damages to be established at trial pursuant to 15 U.S.C. §1681n (a)(1)(A) and/or § 15 U.S.C. § 1681o (a)(1);

(2) Award punitive damages in the amount not to exceed $10,000.00 in accordance with 15 U.S.C. §1681n (a)(2);

(3) Award Plaintiffs costs and reasonable attorneys' fees in accordance with 15 U.S.C. § 1681n (a)(3)); and

    (4)    Award such other relief as this Court deems appropriate.

## COUNT TWO
**(Violations of MD Code, Comm. Law § 14-201, *et seq.*)**

33.    Plaintiff re-alleges and incorporate by reference paragraphs 1 through 32 as if fully set forth herein.

34.    Defendants are "collectors" as defined by MD Code, Comm. Law § 14-201(b).

35.    This matter involves a "consumer transaction" as defined by MD Code, Comm. Law § 14-201(c).

36.    Defendants improperly disclosed information about Plaintiff which negatively impacted Plaintiff's reputation for credit worthiness with knowledge that the information was false in violation of MD Code, Comm. Law § 14-202(2).

37.    Defendants claimed, attempted or threatened to enforce a right with knowledge that the right did not exist in violation of MD Code, Comm. Law § 14-202(8).

38.    As a result of Defendants' misconduct, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Award actual damages to be established at trial pursuant to MD Code, Commercial Law §14-203; and

(2) Award such other relief as this Court deems appropriate.

Respectfully submitted,

Jan I. Berlage (23937)
Gohn, Hankey & Stichel, LLP
201 N. Charles Street
Suite 2101
Baltimore, Maryland 21201
(410) 752-9300

Attorney for Plaintiff